Ernest MEISTER *v.* SAFETY KLEEN

CA 98-1009                                      987 S.W.2d 749

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered March 10, 1999
[Petition for rehearing denied April 7, 1999.*]

*Michael J. Sherman*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Carol Lockard Worley* and *Julia L. Busfield*, for appellee.

* HART, NEAL, and MEADS, JJ., would grant.

J OHN MAUZY PITTMAN, Judge. The appellant in this workers' compensation case, who suffered from preexisting degenerative disc disease, filed a claim for benefits asserting that he injured his back when he fell from a truck in the course of his employment with the appellee. The Commission found that appellant failed to establish a compensable injury by objective medical evidence. On appeal, appellant contends that there is no substantial evidence to support the Commission's finding that there was no objective medical evidence supporting a compensable injury. We affirm.

■ Our standard of review is well settled:

> When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if the decision is supported by substantial evidence. *White v. Frolic Footwear*, 59 Ark. App. 12, 952 S.W.2d 190 (1997). Substantial evidence is that evidence a reasonable mind might accept as adequate to support a conclusion. *Mikel v. Engineering Specialty Plastics*, 56 Ark. App. 126, 938 S.W.2d 876 (1997). A decision of the Commission is reversed only if we are convinced fair-minded persons using the same facts could not reach the conclusion reached by the Commission. *Id.* In our review, we recognize that this court defers to the Commission in determining the weight of the evidence and the credibility of the witnesses. *Id.* The issue is not whether we may have reached a different conclusion or whether the evidence might have supported a contrary finding. *Harvest Foods v. Washam*, 52 Ark. App. 72, 914 S.W.2d 776 (1996).

*High Capacity Products v. Moore*, 61 Ark. App. 1, 5-6, 962 S.W.2d 831, 834 (1998). Pursuant to Ark. Code Ann. § 11-9-102(5)(D) (Repl. 1996), a claimant must establish a compensable injury by medical evidence supported by "objective findings" as defined in Ark. Code Ann. § 11-9-102(16) (Repl. 1996), *i.e.*, with findings that cannot come under the voluntary control of the patient.

Although there was evidence in the present case to show that appellant suffered from a degenerative back condition, the only

thing that could arguably be seen as objective medical evidence of the injury was the following notation made when appellant was initially treated at a Mediquick Clinic:

> *Narrative Report (12/2/96)*: Pain in low back. Fell off back of tanker truck onto concrete. Tender lumbosacral area, no radiation, weakness, paresthesias. No fracture seen. *Assessment: (1) contusion of lumbar spine*, lumbar myofascial strain. Restricted duty, anti-inflammatory med, muscle relaxants.

(Emphasis added.) Appellant's argument is that a contusion is a bruise, a bruise can be seen, and that observation of a bruise is therefore an objective finding. The Commission found otherwise. It noted in its opinion that the medical report did not state that a contusion had been seen, but only that a contusion had been diagnosed on the basis of the history supplied by appellant. The Commission reasoned as follows:

> We are not persuaded that a diagnosis of contusion to an internal body part, without any objective medical evidence supporting the diagnosis, satisfies the objective medical requirement. Consequently, affording the statute the strict construction which we are mandated to do, we cannot find that claimant has proven the compensability of his alleged injury by objective medical evidence.

The issue on appeal is not whether we might have reached a different result than the Commission did, or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, its decision must be affirmed. *Jeter v. B.R. McGinty Mechanical*, 62 Ark. App. 53, 968 S.W.2d 645 (1998). We think that the Commission's conclusion was reasonable. Not only was the term "contusion" used only in the "assessment" section of the medical report, the contusion mentioned therein was not to the surface of the back, but was instead to the spine. It is worth noting that a contusion may affect the spinal cord itself, causing "rapid edematous swelling of the cord with a rise in intradural pressure . . . [resulting] in several days of severe dysfunction," MERCK MANUAL 1464 (16th ed. 1992), and we hold that reasonable minds could conclude that

a contusion to such an internal structure could not be seen and therefore does not constitute objective medical evidence of an injury.

Affirmed.

ROBBINS, C.J., and BIRD, J., agree.

HART, NEAL, and MEADS, JJ., dissent.

JOSEPHINE LINKER Hart, Judge, dissenting. A compensable injury must be established by medical evidence supported by "objective findings." Ark. Code Ann. § 11-9-102(5)(D) (Supp. 1997). "'Objective findings' are those findings which cannot come under the voluntary control of the patient." Ark. Code Ann. § 11-9-102(16)(A)(i) (Supp. 1997).

In assessing the appellant, an attending physician concluded that appellant had a "contusion of lumbar spine." Simply put, a contusion is a bruise, an injury in which the skin is not broken. THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 411 (3rd ed. 1992). A "bruise" is an "injury to underlying tissues or bone in which the skin is not broken, often characterized by ruptured blood vessels and discolorations." *Id.* at 245.

Because a bruise is observable, the physician's determination that the appellant suffered from "a contusion of lumbar spine," constituted an objective finding, just as this court previously determined that a physician's observation of muscle spasms constituted an objective finding. *See University of Ark. Med. Sciences v. Hart*, 60 Ark. App. 13, 958 S.W.2d 546 (1997). One must wonder how the doctor could have concluded, as he did, that the appellant had a contusion without having seen the contusion.

I would reverse and remand.

NEAL and MEADS, JJ., join in this dissent.