Ernest MEISTER *v.* SAFETY KLEEN

99-318                                    3 S.W.3d 320

Supreme Court of Arkansas
Opinion delivered November 4, 1999

*Michael J. Sherman*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Carol Lockard Worley* and *Julia L. Busfield*, for appellee.

TOM GLAZE, Justice. This workers' compensation case comes to us on a petition for review after the Commission, by a 2-1 vote, denied appellant Ernest Meister's claim, and the court of appeals, in a 3-3 decision, affirmed the Commission's holding. *Meister v. Safety Kleen*, 65 Ark. App. 259, 987 S.W.2d 749 (1999). The undisputed facts reflect Meister was driving a truck for appellee Safety Kleen, an oil recovery service company. When he climbed on the back of the truck to remove spilled oil, Meister slipped and fell five to six feet onto concrete, landing on his back and right hip. Meister was immediately taken to the Mediquik Clinic, where he was diagnosed and treated for contusion of the lumbar spine and a lumbar myofascial strain. Meister was later sent to a number of medical specialists who conducted various tests.

Although Safety Kleen initially accepted Meister's injury as compensable, it subsequently controverted his claim, submitting Meister had failed to establish a compensable injury by objective medical evidence as required under Ark. Code Ann. § 11-9-102(16)(A)(i) and (ii) (Supp. 1999). The administrative law judge held a hearing on Meister's claim and found Meister had established that his back problems were compensable, and he was entitled to temporary total disability benefits. However, in view of the extensive medical treatment by specialists, the judge found that Meister's condition had improved to the extent possible, and no cause was shown for Meister's continuing problems other than degenerative changes.

The Commission reversed the administrative law judge's decision to award temporary benefits. In so holding, the Commission stated as follows:

> Although claimant was diagnosed with a contusion of the lumbar spine, there are *no objective medical findings such as hematomas,*

*bruises*, scratches, scrapes, etc., noted in the medical records to substantiate and corroborate this diagnosis. We are not persuaded that a diagnosis of contusion to an internal body part, without objective medical evidence supporting the diagnosis, satisfies the objective medical requirement. Consequently, affording the statute the strict construction which we are mandated to do, we cannot find that [Meister] has proven the compensability of his alleged injury by objective medical evidence. (Emphasis added.)

It is well settled that, upon a petition for review, we consider the case as though it were originally filed in this court; in an appeal of a workers' compensation case from the court of appeals to this court, we view the evidence in a light most favorable to the Commission's decision, and we uphold that decision if it is supported by substantial evidence. *Minnesota Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999). Substantial evidence exists if reasonable minds could reach the same conclusion, and we will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *Id.* Finally, the issue on review is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.*

Safety Kleen's argument on appeal relies largely on the Commission's reasoning set out above for denying Meister's claim. It further states that, in Meister's attempt to prove that his injury is compensable, Meister overlooks the fact that no physician observed a contusion and that the treating physician's diagnosis of "contusion of lumbar spine" was based only on Meister's subjective complaints and description of the fall. Safety Kleen argues that there is *"no evidence"* that any of Meister's physicians saw, felt, or *otherwise observed through diagnostic testing a contusion or discovered any objective sign of injury*. Safety Kleen and the Commission are mistaken in their assertion that no such evidence exists.

In its decision, the Commission stated that it did a *de novo* review of the entire record and found Meister had provided no objective medical evidence to establish an internal contusion. However, the Commission, in examining the record, overlooked an x-ray examination performed on Meister by orthopedist Dr. Claiborne L. Moseley, II, who examined Meister about one month

after his fall. In his report, Dr. Moseley, among other things, reported that his examination revealed "*some soft tissue swelling about the hip.*" Moseley's report is certainly consistent with the history contained in it reflecting Meister had taken a bad fall, landed on his back, and had trouble and pain in his low back, buttock, and hip. The report also corroborates the first doctor's diagnosis of a contusion, whether Meister's contusion occurred internally or externally. For example, a spinal injury can result briefly from concussion of the spinal cord due to contusion or hemorrhage. *The Merck Manual of Diagnosis and Therapy* 1464 (16th ed. 1992). Moreover, a contusion is defined as "any injury (usually caused by a blow) in which the skin is not broken" and also as "an injury in which the skin is not broken but underlying blood vessels are disrupted, causing a hematoma under the skin." *Stedman's Medical Dictionary* 348 (25th ed. 1990); 1 *International Dictionary of Medicine and Biology* 634 (1986).

■ Subsections 11-9-102(16)(A)(i) and (ii) of the Arkansas Code provide the controlling law here and read as follows:

(A)(i) "Objective findings" are those findings which cannot come under the voluntary control of the patient.

(ii) When determining physical or anatomical impairment, neither a physician, any other medical provided, an administrative law judge, the Workers' Compensation Commission, nor the courts may consider complaints of pain; for the purpose of making physical or anatomical impairment ratings to the spine, straight-leg raising tests or range-of-motion tests shall not be considered objective findings.

Under the foregoing statutory provisions, Meister had the burden to establish his injury by medical evidence supported by "objective findings," which are defined as findings that cannot come under the voluntary control of the patient. *See University of Ark. Med. Sciences v. Hart*, 60 Ark. App. 13, 958 S.W.2d 546 (1997); *see also Duke v. Regis Hairstylists*, 55 Ark. App. 327, 935 S.W.2d 600 (1996) (denied carpal tunnel syndrome injury as compensable because findings based on patient's description of sensations); *Cox v. CSFI Temp. Employm't*, 57 Ark. App. 310, 944 S.W.2d 856 (1997) (denied lumbar strain diagnosis because there were no positive, objective test results and was assessed only on patient's being unable to bend over more than ninety degrees).

Unlike in the *Cox* decision where the physician's diagnosis of lumbar strain was reached without the aid of any objective test results, Meister was examined not only by his initial treating physician, but also by other specialists, including Dr. Moseley. In short, Meister had no voluntary control over the x-ray exam which was consistent with and tended to corroborate the first physician's diagnosis.

In conclusion, while the Commission found that the record revealed no objective medical findings of a hematoma or bruise (contusion), Dr. Moseley's x-ray examination was such an objective finding that existed and could well have been considered as corroborating the contusion that Meister's treating physician originally diagnosed. Thus, Safety Kleen and the Commission are wrong in stating that there was *no* evidence that any of Meister's physicians observed through diagnostic testing a contusion or any objective sign of injury. The Commission's factual error in this respect requires our reversal of its decision. We remand this case to the Commission for its full examination of the relevant evidence presented in this cause. *See Holloway v. Ray White Lumber Co.*, 337 Ark. 524, 990 S.W.2d 526 (1999).

Reversed and remanded.

IMBER and SMITH, JJ., dissent.

ANNABELLE CLINTON IMBER, Justice, dissenting. We should not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the same conclusion as the Commission. *Minnesota Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999). If reasonable minds could reach the same conclusion as the Commission, we must affirm. *Id.* Mr. Meister's first visit to Mediquik on the day of the accident, was recorded in a narrative report as follows:

| | |
|---|---|
| *Problem*: | Pain in low back |
| *History*: | Fell off back of tanker truck onto concrete |
| *Physical Exam*: | Tender lumbosacral area, no radiation, weakness, paresthesias... |
| *X-Ray*: | No [fracture] seen |
| *Assessment*: | 1) Contusion of lumbar spine |
| | 2) Lumbar myofascial strain |

*Plan:*            Restricted duty, anti–inflammatory med, muscle relaxants

The Commission found that the diagnosis of a contusion of the lumbar spine was not supported by objective medical evidence. Reasonable minds could reach the same conclusion as the Commission and, thus, pursuant to the applicable standard of review, we should affirm.

The majority attempts to cure the narrative report's deficiency in this case by pointing to an x-ray examination performed by Dr. Claiborne Moseley, II, about one month after the accident, which showed "some soft tissue swelling about the hip." The majority says that this is an objective finding, and that it is consistent with and corroborates the first physician's diagnosis of a contusion. I certainly agree with the majority that the x-ray examination is an objective finding. However, it neither corroborates nor is it consistent with the initial treating physician's diagnosis of a contusion of the lumbar spine. After noting the x-ray examination finding of "some soft tissue swelling about the hip," Dr. Moseley made an assessment or diagnosis of "[e]arly arthritis in both hips, right worse than left, with possible very early avascular necrosis in the right hip." There is no indication in the record that these conditions in Mr. Meister's *hips* had anything to do with an injury to his *lumbar spine*. In an attempt to prove Mr. Meister's case for him, the majority not only makes a leap that is not warranted by the record of this case, but it also ignores our well–settled standard of review whereby we view the evidence in the light most favorable to the Commission's decision, and we affirm that decision if reasonable minds could reach the Commission's conclusion. *Minnesota Mining & Mfg. v. Baker, supra.*

I respectfully dissent.

SMITH, J., joins in this dissent.