Angel MAYS v. ALUMNITEC, INC.

CA 01-591                                           64 S.W.3d 772

Court of Appeals of Arkansas
Division IV
Opinion delivered December 19, 2001

*Lane, Muse, Arman & Pullen,* by: *Shannon Muse Carroll,* for appellant.

*Laser, Wilson, Bufford & Watts P.A.,* by: *Frank B. Newell,* for appellee.

KAREN BAKER, Judge. Appellant, Angel Mays, brings this appeal from a decision by the Workers' Compensation Commission. The Administrative Law Judge ("ALJ") denied appellant's claim for compensation based on a lack of objective findings. The Commission affirmed the ALJ's decision. On appeal, appellant argues that the Commission erred in determining that straight-leg-raising tests and range-of-motion tests were not objective findings for the purpose of determining compensability. We disagree.

Appellant was employed as a packer at Alumnitec on May 18, 2000, when she suffered an injury to her lower back. At the time, appellant and her co-worker were lifting long pieces of aluminum onto a table saw to be cut for use in making aluminum ladders. Due to a previous shoulder injury, appellant lifted the aluminum with one hand. As she was bending over holding on to the end of the aluminum, her co-worker twisted appellant's body. Appellant immediately felt pain in her back, and she reported the injury to her supervisor. She was put on light duty. Within ten or fifteen minutes, appellant told her supervisor she needed to go to a doctor. Appellant was allowed to go, but received a "point" for leaving.

When appellant arrived home, she could not get out of the car, so she went directly to the hospital emergency room. The emergency room report stated that appellant complained of bilateral

mid-back pain secondary to lifting at work, but that she denied any radiation down her legs, numbness, weakness, tingling, or previous back injury. The emergency room physician took appellant off work until May 22, 2000. Appellant was also seen by her family physician, Dr. Tilley. Various reports of Dr. Tilley indicated a complaint of muscle spasms, positive pain with straight-leg lift, and decreased range of motion secondary to pain.

When the Commission denies coverage because a worker has failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm the Commission if its opinion displays a substantial basis for the denial of relief. *Jobe v. Wal-Mart Stores, Inc.*, 66 Ark. App. 114, 987 S.W.2d 764 (1999) (citing *McMillan v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997)). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Vittitow v. Central Maloney, Inc.*, 69 Ark. App. 176, 11 S.W.3d 12 (2000). The appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Id.* The issue on appeal is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Oliver v. Guardsmark, Inc.*, 68 Ark. App. 24, 3 S.W.3d 336 (1999).

Appellant claims that the Commission erred in determining that straight-leg-raising tests and range-of-motion tests were not objective findings for the purpose of determining compensability. We disagree. This court addressed this very issue in *Cox v. CFSI Temp. Employment*, 57 Ark. App. 310, 944 S.W.2d 856 (1997). In *Cox*, appellant argued that a range-of-motion test should be considered an objective finding when determining compensability. *Id.* This court disagreed with appellant and held that pursuant to the applicable statutes a range-of-motion test was not an objective finding when determining compensability. *Id.* Arkansas Code Annotated section 11-9-102(4)(D) (Supp. 2001) states that "[a] compensable injury must be established by medical evidence, supported by 'objective findings.' " Section 11-9-102(16) (Supp. 2001) provides in relevant part that:

> (A)(i) "Objective findings" are those findings which cannot come under the voluntary control of the patient.
>
> (ii) When determining physical or anatomical impairment, neither a physician, any other medical provider, an administrative

law judge, the Workers' Compensation Commission, nor the courts may consider complaints of pain; for the purpose of making physical or anatomical impairment ratings to the spine, straight-leg raising tests or range-of-motion tests shall not be considered objective findings.

■■ However, *Cox* does not fully articulate why straight-leg-raising tests and range-of-motion tests cannot be a basis for objective findings. We take this opportunity to clarify our holding that neither test is objective for purposes of determining compensability. The *American Medical Association Guides* must give way to the statutory definition of objective findings as defined by the General Assembly. Although subjective criteria may be included in the *AMA Guides* when determining a permanent physical impairment rating, clearly the portions of the impairment rating guide that are based upon subjective criteria cannot supersede the statutory definition provided by the General Assembly. Thus, to the extent that there is a conflict, the General Assembly's statutory definition takes precedence over any subjective criteria included in the *AMA Guides*. Furthermore, the legislature has plainly stated through Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1996), that the ALJs, the Commission, and this court shall strictly and literally construe the provisions of the Workers' Compensation Act. *See Duke v. Regis Hairstylists*, 55 Ark. App. 327, 935 S.W.2d 600 (1996).

■■ Appellant bears the burden of proving a compensable injury by a preponderance of the evidence. Ark. Code Ann. § 11-9-102(4)(E)(i) (Supp. 2001). We find that appellant failed to do so because the abstract is devoid of any objective findings which are not under the voluntary control of appellant. It is clear that muscle spasms, even those detected by someone other than a physician, can constitute objective medical findings to support compensability. *See Estridge v. Waste Management*, 343 Ark. 276, 33 S.W.3d 167 (2000). Here, the only evidence of muscle spasms was the documentation in Dr. Tilley's June 14, 2000, report, which indicated only a complaint by appellant of muscle spasms in her right leg. Thus, it was only a subjective complaint by appellant, rather than an objective observation by a physician, therapist, or nurse. Although it has been held that passive range-of-motion tests may be proven to be objective findings where the testing was described in the record by the treating physician, at least for the limited purpose of assessing permanent impairment caused by a shoulder injury, *see Hays v. Wal-Mart Stores Inc.*, 71 Ark. App. 207, 29 S.W.3d 751 (2000), the only evidence found in this case regarding a range-of-motion test or a straight-leg-raise test came from Dr. Tilley's various reports. The

record is devoid of testimony that either test was not under appellant's voluntarly control. Therefore, we hold that the evidence is insufficient to demonstrate an objective finding.

 Failure to establish a compensable injury, supported by objective findings, is fatal to appellant's claim. Based upon our standard of review, we are convinced that fair-minded persons with these same facts could have reached the same conclusion as the Commission. For these reasons, we affirm the Commission's decision denying benefits to appellant.

Affirmed.

HART and VAUGHT, JJ., agree.