FRED'S, INC.; Royal & Sun Alliance Insurance Company *v.*
Deborah JEFFERSON

CA 04-166                                          200 S.W.3d 477

Court of Appeals of Arkansas
Substituted Opinion on Denial of Rehearing
December 15, 2004

*John Dennis Webster*, for appellants.

*John Gary Davis*, for appellee.

WENDELL L. GRIFFEN, Judge. A three-judge panel issued an unpublished opinion in this case on September 22,

2004, which affirmed the decision by the Workers' Compensation Commission to award benefits. Appellants then filed a petition for rehearing and argued that our original decision stood in conflict with established precedent regarding the requirement that objective findings must be proven for an injury to be compensable under Arkansas workers' compensation law. We now issue a substituted opinion and deny the petition for rehearing.

The Workers' Compensation Commission held that the back injury sustained by Deborah Jefferson on April 25, 2002, was a compensable injury in the course of and arising out of her employment and that she was entitled to temporary total disability benefits from April 26, 2002, through May 27, 2002. Her employer, Fred's, Inc., argues that Jefferson failed to present objective medical evidence to the Commission. It further argues that there is insufficient evidence to show that Jefferson is entitled to temporary total disability benefits. We hold that the Commission's decision is supported by substantial evidence and affirm.

Jefferson worked for Fred's as a stocker, helped unload trucks, and sometimes worked as a cashier. Jefferson testified that, on April 25, 2002, store manager Michael Bryan asked her to bring down some of the summer things that had been packed away. She used a four-foot metal A-frame ladder to get the boxes. When she was at the step below the platform of the ladder, the ladder fell. Jefferson's back, head, and neck struck the floor as she fell straight backwards. She moaned for help, but when it appeared that no one would come to her aid, she went to Bryan's office but could not get Bryan's attention. She then left his office and reported the fall to assistant manager Ruth Ware. Ware directed Jefferson to go to the company physician, Dr. Brewer Rhodes. Dr. Rhodes examined Jefferson, diagnosed her as having suffered thoracic and lumbar contusion and strain, and prescribed Flexeril and Celebrex.

A hearing was conducted on January 23, 2003. Fred's argued that Jefferson could not establish the compensability of her injuries by objective evidence. Fred's also contended that Jefferson was not entitled to temporary total disability benefits, arguing that she could still work in some capacity. Jefferson testified that she was having muscle spasms in her back while in physical therapy and that she continues to have muscle spasms and throbbing back pain. She also testified that she had no back complaints until she fell on April 25, 2002. The administrative law judge (ALJ) ruled that Jefferson was entitled to benefits. The Commission affirmed and adopted the decision of the ALJ. This appeal followed.

■ The standard of review for appeals from the Commission is well established:

> When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. A decision by the Workers' Compensation Commission is not to be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts.

*Superior Indus. v. Thomaston,* 72 Ark. App. 7, 9, 32 S.W.3d 52, 53 (2000) (citations omitted).

■ Fred's contends that Jefferson failed to present medical evidence supported by objective findings to establish her alleged injury. Objective findings are "those findings which cannot come under the voluntary control of the patient." Ark. Code Ann. § 11-9-102(16) (Repl. 2002). If the claimant fails to present evidence of objective medical findings, then compensation must be denied. Ark. Code Ann. § 11-9-102(4)(D); *Mikel v. Engineering Specialty Plastics,* 56 Ark. App. 126, 938 S.W.2d 876 (1997).

■ Fred's argues that the only evidence of these muscle spasms are "[Jefferson's] self-serving testimony and the subjective history that she gave to an emergency room nurse over five months after her alleged incident." However, the Arkansas Supreme Court has stated that muscle spasms constitute objective findings. *Continental Express, Inc. v. Freeman,* 339 Ark. 142, 4 S.W.3d 124 (1999). In *Continental Express,* the supreme court affirmed the Commission's finding of a compensable injury when the only evidence was of the claimant's history, physical complaints, and observations by a physical therapist. In this case, we have Jefferson's testimony, the Flexeril prescription, and a September 30, 2002 emergency room note which indicates "c/o Muscle spasms in back from old injury" in the section of the emergency-room record under the heading "Observations." The notation in the emergency- room notes is arguably ambiguous; however, reasonable persons could certainly conclude that the notation indicates that muscle spasms were observed during the emergency-room visit.

■■ Contrary to Fred's assertion, the Flexeril prescription also constitutes objective findings in light of *Estridge v. Waste Management*, 343 Ark. 276, 33 S.W.3d 167 (2000). In *Estridge*, the Commission concluded "that there was no observation of muscle spasm in appellant because the prescription for Valium 'as needed for muscle spasm' was a direction to appellant and not a finding of the presence of muscle spasm." *Id.* at 280, 33 S.W.3d at 170. Our supreme court reversed the decision to deny benefits, stating that "[a] doctor would not prescribe medication directed to be taken 'as needed for muscle spasm' if he did not believe muscle spasms were existent." *Id.* at 281, 33 S.W.3d at 171. In this case, Jefferson was referred to Dr. Rhodes, who diagnosed her with a T-L contusion/strain and prescribed her Celebrex and Flexeril. Flexeril "is indicated as an adjunct to rest and physical therapy for relief of muscle spasm associated with acute, painful musculoskeletal conditions." *Physicians' Desk Reference* 572 (56th ed. 2002). As in *Estridge*, Dr. Rhodes would not have prescribed the medication if the conditions did not exist. In light of *Continental Express* and *Estridge*, we hold that Jefferson presented medical findings supported by objective evidence.

■■ Next, Fred's argues that the evidence is insufficient to show that Jefferson is entitled to temporary total disability. To be eligible for temporary total disability, a claimant must be within her healing period and have a total incapacity to earn wages. *Arkansas State Highway & Transp. Dep't v. Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981). Prior to her injury, Jefferson's job entailed bending, lifting, stooping, pushing, and pulling. After seeing her doctors, she was restricted to sitting jobs. Fred's argues that she could have secured another position, such as that of a cashier, that would have been within these restrictions; however, Jefferson testified that there were no sit-down jobs at Fred's at that time. The Commission apparently found Jefferson's testimony more persuasive on this point. Thus, we hold that the Commission's decision that Jefferson was entitled to temporary total disability benefits was supported by substantial evidence.

Petition for rehearing denied.

HART, NEAL, VAUGHT, and BAKER, JJ., agree.

ROBBINS, J., dissents.

JOHN B. ROBBINS, Judge, dissenting. I agree with appellants's argument that there is no substantial evidence to support the

Commission's finding that Ms. Jefferson presented evidence of objective medical findings. Therefore, I must dissent from the majority's substituted opinion on denial of rehearing.

It is clear that muscle spasms can constitute objective medical findings to support compensability. *Estridge v. Waste Management*, 343 Ark. 276, 33 S.W.3d 167 (2000). However, in the present case there was no evidence that muscle spasms were observed by anyone other than Ms. Jefferson.

I simply cannot agree with the majority's view that the emergency room notation "c/o muscle spasms in back from old injury" constitutes an objective medical finding. In my view, the only reasonable interpretation of this notation is that Ms. Jefferson was complaining of spasms, and not that spasms were actually observed by medical personnel. While the notation was under the heading "observations," this indicates only that its author observed that Ms. Jefferson was complaining of spasms. It may be that someone other than Ms. Jefferson observed back spasms, but if that is true it is not documented anywhere in the record.

Nor do I agree with the majority's holding that a Flexeril prescription supplies the missing proof. The majority relies on *Estridge v. Waste Management, supra*, where our supreme court stated, "A doctor would not prescribe medication to be taken 'as needed for muscle spasm' if he did not believe muscle spasms were existent." 343 Ark. at 281, 33 S.W.3d at 171. The supreme court went on to hold that Estridge established an objective medical finding, which consisted of a finding of a straightened lumbar-spine.

While a physician would not prescribe medication to treat spasms unless he thought the spasms were existent, this is something different than a physician making an objective medical finding of spasms. In this case, it is entirely conceivable that Flexeril was prescribed on the sole basis of Ms. Jefferson's subjective complaints, and there is nothing in the record to indicate otherwise.

Because there was no substantial evidence of any objective medical findings to support Ms. Jefferson's claim for workers' compensation, I would grant appellant's petition for rehearing and reverse the Commission's decision awarding benefits.