## DRENNEN v. WHEATLEY.

4-7920                                         195 S. W. 2d 43

Opinion delivered June 10, 1946.

*Jay M. Rowland,* for appellant.

*Scott Wood,* for appellee.

ROBINS, J. Appellant asks us to reverse order of the lower court by which she was denied the right to claim certain funds, arising from her voluntary sale of her homestead, exempt from seizure under decree in favor of appellee rendered pursuant to our mandate in the case of *Wheatley* v. *Drennen,* 209 Ark. 211, 189 S. W. 2d 926.

This litigation began as a suit by appellee to enforce specific performance by appellant of a contract to convey

to appellee the home of appellant situated in Hot Springs. It developed, however, that, prior to institution of appellee's action, appellant had sold the property to another purchaser (who had no notice of the contract with appellee) for $3,000 more than the purchase price fixed in her agreement with appellee; and appellee thereupon asked damages against appellant for breach of the contract to convey.

The lower court denied relief to appellee, and he appealed to this court, where the decree of the lower court was reversed and the cause remanded with directions to enter a decree in favor of appellee against appellant for $3,000 damages and to order payment of this judgment by Arkansas Trust Company from certain funds in its hands belonging to appellant. These funds had arisen from the collection, by the bank as agent for appellant, of the purchase money of the property involved in the suit, and had been impounded by garnishment issued at the instance of appellee.

After the lower court had entered a decree as directed by our mandate appellant filed what she designated as her "Claim of Homestead Exemption." In this pleading appellant alleged that the money impounded was a part of the proceeds of her homestead, and that she had planned, before the sale of her homestead, to invest same in another home, but that the funds were tied up by the garnishment before she could make the reinvestment. She further alleged that she was a resident of the state and that the property sold was the homestead of her deceased husband for many years and had been hers since his death. . Her "claim" concluded with a prayer that the "homestead exemption claim be allowed and that this court order the Arkansas Trust Company to deliver the money now in its hands over to her so that she may purchase a home to live in." A demurrer by appellee to appellant's "claim" was sustained by the lower court.

The principal question presented on this appeal is whether one may claim as exempt, under our laws for the

protection of homestead rights, the proceeds of a voluntary sale of one's homestead.

The homestead exemption right of residents of Arkansas is conferred by § 3 of Art. IX of the Constitution as follows: ''The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity.''

Neither in the quoted portion of the Constitution nor in any of the statutes enacted to safeguard homestead rights is there any provision (other than those relating to all personal property) by which the exemption of funds arising from the voluntary sale of a homestead by the owner is authorized. The only reference to any such an exemption in our laws is contained in § 4 of Act 402 of the General Assembly, approved March 27, 1941, by which the money obtained by the sale (authorized by the Act) of the dower, curtesy, or homestead interest of an incompetent person is made exempt from execution, attachment or garnishment; and this Act, of course, is in nowise applicable to the case at bar.

Appellant invokes the well established doctrine that exemption laws must be liberally construed, and argues that under such construction the proceeds of the sale of her homestead, intended for investment in another home, should be held not subject to seizure for her debt. While these laws should receive a most liberal interpretation in favor of the party asserting the homestead right, courts may not, under the guise of construction, read into the Constitution and statutes something that the framers thereof did not see fit to place there.

The general rule is that, in the absence of specific constitutional or statutory authority therefor, there is no right on the part of a debtor to claim exempt funds arising from the voluntary sale of his homestead. "In the absence of statutory provisions to the contrary, the voluntary sale of homestead property is held, in a majority of jurisdictions, to be a complete extinguishment of the homestead right; and consequently the proceeds of such a sale, until invested in other exempt property, may be subjected to the claims of creditors." 26 Am. Jur. 31.

The editors of A. L. R. (vol. 1, p. 483) state, as the "general rule," "It has been held that the purchase price of homestead property is not exempt from the claims of creditors, in the absence of express statutory provisions as to such proceeds."

This court, speaking through Chief Justice McCulloch, in the case of *Tucker* v. *Stell,* 169 Ark. 1, 272 S. W. 864, said: "The property was a homestead and therefore not subject to the payment of his debts, but the proceeds of the sale, while being held as money, were not exempt except to the extent of exemptions allowed in personal property to a debtor."

Appellant was not entitled to claim exempt the funds involved herein; and this conclusion obviates the necessity of determining whether appellant's application for order exempting these funds was seasonably made.

The lower court properly denied appellant's claim of exemption; and its order is accordingly affirmed.