MRS. EARLENE ASHABRANNER, ADM'X v.
GERALD PEARLSTEIN

5-5164

451 S. W. 2d 177

Opinion delivered March 9, 1970
[Rehearing denied April 6, 1970.]

*Camp & Lingle,* for appellant.

*Pope, Pratt, Shamburger, Buffalo & Ross,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal comes from a judgment denying a homestead exemption of the proceeds of the sale of a homestead by appellant's decedent in his lifetime.

Earl W. Johnson, a widower, whose children were all adults, sold his homestead in July 1967. He deposited the proceeds in his bank account. There is no doubt that the balance in the decedent's bank account at the time of his death consisted of whatever remained of the proceeds of sale. Johnson had drawn certain checks against the bank account into which nothing except these proceeds had been deposited. Appellant, his oldest child, was appointed administratrix of his estate after his death on August 4, 1967. Although Johnson had not vacated the house on the property at the time of his death, he had been paid all of the consideration for the sale except for $52.09, representing the excess of the amount withheld for satisfaction of a mortgage on the property over the amount actually owed. There was testimony tending to show that he remained on the place under some agreement with the purchaser, who had fully performed his obligations on the date of the sale.

Appellant relies entirely upon our decision in *Stanley* v. *Snyder,* 43 Ark. 429. Although it is clearly held there that one's homestead is not lost through death of his wife and maturity of his children, it was not contended there that the proceeds of a sale of the homestead made voluntarily by the occupant are exempt

from the claims of creditors. It was held that creditors had no standing to set aside a fraudulent conveyance of a homestead, because they had no rights in the homestead before its conveyance. This case is inapplicable because appellee, a judgment creditor, is not trying to reach or levy upon the homestead.

We have heretofore clearly held that the proceeds of sale of a homestead made voluntarily are not exempt from the claims of creditors. *Drennen* v. *Wheatley*, 210 Ark. 222, 195 S. W. 2d 43. What we said in the *Drennen* case governs here. Appellant does not specifically argue that the continued occupancy of the premises by the decedent after the sale was complete caused the property to retain its character as a homestead. It can readily be seen that this fact would not affect the result because no levy upon the lands is sought.

The judgment is affirmed.