FRED AMBRUSIO, APPELLANT, v. BOARD OF TRUSTEES, PUBLIC EMPLOYEES' RETIREMENT SYSTEM, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 26, 1985—Decided March 18, 1985.

Before Judges PRESSLER, BRODY and COHEN.

*Robert J. Weinstein* argued the cause for appellant (*Wald and Del Vento,* attorneys; *Robert J. Weinstein* on the brief).

*David Katzenstein,* Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel; *David Katzenstein* on the brief).

PER CURIAM.

Respondent Board of Trustees (the Board) denied appellant the benefits of an accidental disability pension to which a member of the Public Employees' Retirement System is entitled when he is "permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties...." *N.J.S.A.* 43:15A-43.

Appellant was employed to collect refuse including broken syringes, needles and vials discarded by physicians. He frequently cut himself handling this material, particularly when it had spilled out of plastic garbage bags before he arrived to collect it. There is no dispute that he has been rendered totally disabled by the effects of hepatitis "B" and the resultant cirrhosis of his liver. Appellant claims that the cause of his disability was the introduction into his body of the hepatitis virus when one or more of these discarded medical utensils punctured his skin. In a comprehensive Initial Decision Administrative Law Judge Leon S. Wilson recommended that appellant's application for benefits be granted. The Board rejected the recommendation. We now reverse.

Two medical doctors testified, one for each side. Each concluded that appellant probably contracted the hepatitis from a puncture wound sustained on his job while handling the broken medical utensils. They rejected other causes as mere possibilities. The Board denied the application because appellant was unable to "identify as to time, place, day, week, month, street or other identifying factor where, when and how the event took place."

An especially helpful record was made before Judge Wilson in large measure due to his careful and pointed questioning of the medical witnesses. Hepatitis "B" virus lives in body fluids and is transmitted when body fluid of an infected person enters the body of another. A common way this occurs is through the reuse of syringes, needles and vials employed to draw blood. To avoid reuse those who use these instruments break and discard them after each use. These broken instruments, some containing deposits of infected blood, are thereby found in the solid waste generated by a physician's office.

Hepatitis "B" virus has an incubation period of three to six months. Thus a minor cut or scratch through which the virus was introduced into the body would be long forgotten by the time the effects of the insidious virus are known. Medical

personnel who handle utensils used for taking blood therefore immediately treat every minor cut or scratch thereby incurred. Although appellant's work conditions clearly posed such a risk, he was unaware of it and his employer took no precautions to advise or protect him.

It is not only understandable but a virtual certainty that an employee in appellant's position will be unable to identify the precise cut or scratch through which the virus entered his body, thus raising the possibility that he could have contracted the disease off the job. Appellant denied experiencing any event, however, that would have introduced the virus into his body around the commencement of the incubation period other than one of the cuts and scratches he received handling the solid waste from physicians' offices.

■■ Judge Wilson reviewed the history of the requirement that a traumatic event in order to qualify must be "identifiable as to the time and place in which it occurred." *See Hillman v. Bd. of Trust., Pub. Emp. Ret. Sys.,* 109 *N.J.Super.* 449, 460–461 (App.Div.1970) (aff'd on this point in *Cattani v. Bd. of Trustees Police & Firemen's Retire. Sys.,* 69 *N.J.* 578, 585 (1976)). He concluded that requiring the event to be "identifiable" does not mean that it must be "identified." We agree that "identifiable" is only meant to distinguish a single, discrete event from an ongoing process such as the long-term exposure to toxins that in time results in a disability.

The only evidence below is that while the precise cut or scratch cannot be identified, appellant probably contracted the disease that produced his disability by a cut or scratch incurred on the job through which the hepatitis "B" virus entered his body. His application for an accidental disability retirement pension should have been granted.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.