Patricia KIMBRELL *v.* ARKANSAS DEPARTMENT
of HEALTH

CA 98-1298                                989 S.W.2d 570

Court of Appeals of Arkansas
Division I
Opinion delivered May 12, 1999

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

*Richard S. Smith*, for appellees.

S AM BIRD, Judge. Patricia Kimbrell appeals a decision of the Workers' Compensation Commission denying her benefits. An agreed upon record with an attached joint medical exhibit was submitted to the administrative law judge, without a hearing, on the sole issue of whether a compensable injury had been established by medical evidence supported by objective findings. The administrative law judge held that it had not. The Commission affirmed and adopted the decision of the law judge.

It was stipulated that appellant was an employee of the Arkansas Department of Health on July 17, 1997. Appellant contended that she had sustained a compensable injury to her back while sweeping and mopping under a bed in a patient's home, as she was performing her duties as an "in-home service aid." The employer, represented by its insurance carrier, the Arkansas Insurance Department, Public Employment Claims Division, claimed that appellant's injury was not demonstrated by objective medical evidence.

The medical records indicate that appellant presented to her family physician, Dr. Victor S. Chu, at the Eagle Heights Clinic in Harrison, on July 17, 1997, complaining that she had hurt her back "while bending over doing something underneath a bed at Boone County Home Health." An x-ray revealed "no evidence of any obvious deformity." Appellant was diagnosed with "musculoskeletal back pain," prescribed medication, and told to come back if necessary.

On July 24, appellant reported that her back was improving, and she began a course of physical therapy. An MRI performed on August 13, 1997, indicated "minimal changes of degenerative disc disease at L4-5 and L5-S1 limited to disc desiccation. There is no evidence of significant disc bulge or focal herniation." An August 14 entry in the appellant's progress record at Eagle Heights Clinic states that the patient was notified of her normal MRI and told to resume physical therapy three times a week for two weeks.

A September 15, 1997, letter from Dr. Carl M. Kendrick, an orthopedist in Fayetteville, concluded that appellant was having muscular back pain, that she had sustained a "lumbosacral strain," and he prescribed continued physical therapy and walking.

Reports of Dr. William L. Money, of the Center for Pain Management at Washington Regional Medical Center in Fayetteville, indicate that appellant had mild lumbar degenerative disease, and lumbar facet syndrome. He treated her with medication and injections.

The administrative law judge's opinion reviewed the medical evidence, then stated:

> [T]he medical evidence, supported by objective findings, fails to show that these degenerative problems, or any physical harm, were caused by the incident at work. The record shows that the claimant's medical care is related to her subjective complaints and the existence of pre-existing pathology, but fails to demonstrate the existence of a compensable injury causing physical harm, as required by the Act.

As previously stated, the Commission affirmed and adopted the opinion of the law judge.

Arkansas Code Annotated section 11-9-102 (Repl. 1996) provides in pertinent part:

> (5)(A) "Compensable injury" means:
>
> (i) An accidental injury causing internal or external physical harm to the body or accidental injury to prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is identifiable by time and place of occurrence;
>
> . . . .
>
> (D) A compensable injury must be established by medical evidence, supported by "objective findings" as defined in § 11-9-102(16).
>
> . . . .
>
> (16)(A)(i) "Objective findings" are those findings which cannot come under the voluntary control of the patient.
>
> (ii) When determining physical or anatomical impairment, neither a physician, any other medical provider, an administrative

law judge, the Workers' Compensation Commission, nor the courts may consider complaints of pain; for the purpose of making physical or anatomical impairment ratings to the spine, straight-leg-raising tests or range-of-motion tests shall not be considered objective findings.

■ Appellant cites Dr. Chu's original observations that "palpation of back reveals palpable musculoskeletal tenderness, negative straight leg raise bilaterally," and argues that palpable muscle spasms are an "objective finding." Indeed, this court has held that muscle *spasms* constitute an objective finding, *see Ford v. Chemipulp Process, Inc.,* 63 Ark. App. 260, 977 S.W.2d 5 (1998); *High Capacity Prods. v. Moore,* 61 Ark. App. 1, 962 S.W.2d 831 (1998), and in *University of Ark. Med. Sciences v. Hart,* 60 Ark. App. 13, 958 S.W.2d 546 (1997), we approved the following definition of a muscle spasm:

> 1. An involuntary muscular contraction. . . . 2. Increased muscular tension and shortness which cannot be released voluntarily and which prevent lengthening of the muscles involved; [spasm] is due to pain stimuli to the lower motor neuron.

STEDMAN'S MEDICAL DICTIONARY 1304 (23d ed. 1976). *Webster's New Complete Medical Dictionary* (1995) defines the word "spasm" as "1: an involuntary and abnormal contraction of muscle or muscle fibers or of a hollow organ (as the esophagus) that consists largely of involuntary muscle fibers 2: the state or condition of a muscle or organ affected with spasms."

■ In the case at bar, however, Dr. Chu's note does not state that he found muscle spasms. The language he used is muscle *tenderness.* The twenty-third edition of Stedman's Medical Dictionary defines "tender" as "[s]ensitive, painful on pressure or contact," and "tenderness" as "[t]he condition of being tender; painfulness to pressure or contact." The word "tender" is defined in *Webster's New Complete Medical Dictionary* (1995) as "sensitive to touch or palpation — tenderness."

■ From these definitions it is obvious that a muscle spasm is not under the control of the patient, because involuntary muscle contractions are just that, involuntary. On the other hand, tender

or tenderness is measured by the patient's subjective reaction to stimuli, and can be controlled by the patient.

We affirm the Commission's finding that appellant failed to demonstrate a compensable injury by objective medical evidence.

Affirmed.

NEAL and CRABTREE, JJ., agree.