CONTINENTAL EXPRESS, INC., and
Gibralter National Insurance *v*. Marty FREEMAN

99–406 4 S.W.3d 124

Supreme Court of Arkansas
Opinion delivered November 11, 1999

*Roberts Law Firm*, by: *Bud Roberts* and *Kimberly Johnson*, for appellants.

*The Cortinez Law Firm, P.L.L.C.*, by: *Christopher D. Anderson*, for appellee.

DONALD L. CORBIN, Justice. This is an appeal of a decision by the Arkansas Workers' Compensation Commission (Commission) that Appellee Marty Freeman suffered a compensable injury. After the Arkansas Court of Appeals affirmed the Commission's decision, Appellants Continental Express, Inc., and Gibraltar National Insurance Company petitioned this court for review. We granted their petition for review pursuant to Ark. Sup. Ct. R. 1-2(e). We hold that Appellants' argument is without merit and affirm.

The record reflects that Appellee sustained a lower back injury on March 25, 1996, in the course of his employment with Continental Express. Appellee immediately reported the accident to his supervisor and then sought medical attention. Appellee's doctor advised him to take time off from work, prescribed physical therapy, and referred him to an orthopedic surgeon. The orthopedic surgeon treated Appellee with steroid injections and prescribed further physical therapy. During the course of his physical therapy, the physical therapist observed that Appellee was suffering from muscle spasms. Appellee then underwent an MRI on May 14, 1996, but it was determined that he would not benefit from lumbar disc surgery.

Appellant Continental Express initially accepted the injury as compensable and voluntarily paid Appellee total disability benefits through December 4, 1996. Thereafter, when Appellee sought additional benefits, Appellants controverted the claim in its entirety on the grounds that there were no objective findings to support a compensable injury. An administrative law judge (ALJ) determined that the physical therapist's reports of muscle spasms did not constitute objective medical evidence as required under Ark. Code Ann. § 11-9-102(16) (Supp. 1997). The ALJ's findings were subsequently reversed by the Commission. The Commission found that the physical therapist had observed muscle spasms, and that Appellee had proved by a preponderance of the evidence that he sustained

a compensable injury. The Commission denied Appellee additional temporary disability benefits, however, finding that he had failed to prove that he was receiving active treatment or was unable to work.

Appellants appealed the Commission's decision to the court of appeals, arguing that the Commission erred in interpreting and applying section 11-9-102(16). The court of appeals affirmed the decision of the Commission in *Continental Express, Inc. v. Freeman*, 66 Ark. App. 102, 989 S.W.2d 538 (1999). The court of appeals held that the Commission correctly found that muscle spasms constitute objective findings for the purpose of establishing compensability.

Upon a petition for review, we consider a case as though it had been originally filed in this court. *Burlington Indus. v. Pickett*, 336 Ark. 515, 988 S.W.2d 3 (1999). We view the evidence in a light most favorable to the Commission's decision, and we uphold that decision if it is supported by substantial evidence. *Deffenbaugh Indus. v. Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Pickett*, 336 Ark. 515, 988 S.W.2d 3; *ERC Contr. Yard & Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998).

The issue now before us is whether there was substantial evidence to support the Commission's decision that Appellee's injury was proven by medical evidence supported by objective findings. Appellants assert that both the Commission, as well as the court of appeals, erred in its interpretation and application of section 11-9-102(16). This section provides in relevant part:

(16)(A)(i) "Objective findings" are those findings which cannot come under the voluntary control of the patient.

(ii) When determining physical or anatomical impairment, neither a physician, any other medical provider, an administrative law judge, the Workers' Compensation Commission, nor the courts may consider complaints of pain; for the purpose of making physical or anatomical impairment ratings to the spine, straight-leg raising tests or range-of-motion tests shall not be considered objective findings.

(B) Medical opinions addressing compensability and permanent impairment must be stated within a reasonable degree of medical certainty[.]

Appellants set forth two arguments in support of their contention that section 11-9-102(16) was not correctly interpreted: (1) Appellee's muscle spasms were not objectively found; and (2) a physical therapist is not qualified to state a medical opinion within a reasonable degree of medical certainty.

 In addressing Appellants' argument that muscle spasms do not constitute objective findings, the Commission relied on its previous determination that muscle spasms constitute objective findings. The Commission further pointed out that the court of appeals has held that muscle spasms constitute objective findings. In *University of Ark. Med. Sciences v. Hart*, 60 Ark. App. 13, 958 S.W.2d 546 (1997), the court of appeals adopted the following definition of "spasm" in finding that muscle spasms constitute objective findings:

1. An involuntary muscular contraction. . . . 2. Increased muscular tension and shortness which cannot be released voluntarily and which prevent lengthening of the muscles involved; [spasm] is due to pain stimuli to the lower motor neuron.

*Id.* at 19, 958 S.W.2d at 549 (quoting *Stedman's Medical Dictionary* 1304 (23d ed. 1976)). *See also Kimbrell v. Arkansas Dep't of Health*, 66 Ark. App. 245, 989 S.W.2d 570 (1999); *High Capacity Prods. v. Moore*, 61 Ark. App. 1, 962 S.W.2d 831 (1998). We conclude that the court of appeals' reasoning in *Hart* and its progeny is persuasive, and we therefore adopt the holding that muscle spasms constitute objective findings as required by section 11-9-102(16).

 Our analysis of this matter does not necessarily end with a determination that muscle spasms constitute objective findings. Appellants also attempt to argue that the only record of Appellee's muscle spasms were recorded in connection with his history and physical complaints and were not the result of objective findings by the physical therapist. We agree with the Commission that this argument is without merit.

The Commission's opinion reflects that after reviewing the physical therapist's records, the greater weight of evidence supported a finding that the physical therapist observed muscle spasms

and proceeded toward the goal of decreasing the symptoms of those spasms. As the Commission pointed out, the physical therapist documented an occurrence of muscle spasms on March 29, 1996, under "O" (objective). An occurrence of muscle spasms was also documented on April 2, 1996, but the following day's entry reflects that there were no spasms present. Finally, on April 4, 1996, the physical therapist noted under "O" the absence of muscle spasms.

Appellants argue that these progress notes are not reliable on their face because they are sloppy and it is not clear which findings are objective and which are simply subjective reports of Appellee. The Commission found this argument to be unpersuasive. It is well settled that upon review by this court, it is not a matter of whether we would come to a different conclusion, but whether reasonable minds could reach the Commission's conclusion. *Wal-Mart Stores, Inc. v. Van Wagner*, 337 Ark. 443, 990 S.W.2d 522 (1999); *Pickett*, 336 Ark. 515, 988 S.W.2d 3. Nothing in the physical therapist's progress notes indicate that the muscle spasms were recorded as anything other than an objective finding made by the physical therapist. The letters "S" and "O" were used to differentiate between objective findings and subjective reports by Appellee. After reviewing the record, we hold that there was substantial evidence to support the Commission's determination that the muscle spasms constituted objective findings.

Appellants make a final attempt to attack the validity of the determination that muscle spasms are objective findings by arguing that a physical therapist is not qualified to state a medical opinion within a reasonable degree of medical certainty. Arkansas Code Annotated § 11-9-102(5)(D) (Supp. 1997) requires that a compensable injury be established by medical evidence, supported by "objective findings" as defined in section 11-9-102(16). In the present matter, Appellee submitted medical evidence to the Commission that included his MRI report, doctors' reports diagnosing him as suffering from sciatica and lumbar strain, as well as doctors' reports of a herniated disc. In turn, this medical evidence was supported by the objective findings of muscle spasms.

Nothing in section 11-9-102(16) requires such medical evidence to come in the form of a medical opinion stated within a reasonable degree of medical certainty. In affirming the Commission, the court of appeals pointed out that no Arkansas court has

ever held that an objective finding is synonymous with or based on a medical opinion. Appellants attempt to use the language found in section 11-9-102(16)(B) to confuse the issue at hand. That section requires that medical opinions addressing compensability and permanent impairment be stated within a reasonable degree of medical certainty. The physical therapist's opinion that Appellee suffered from muscle spasms was rendered in connection with treatment for his injury and constitutes objective findings of that injury. It was not rendered for the purposes of addressing compensability or permanent impairment, thus Appellants' argument is without merit.

■ On a final note, the Commission has found that a physical therapist would be able to recognize muscle spasms and that there is nothing in the Workers' Compensation Act to limit objective findings to those findings made by a physician. We agree with the Commission's determination that a physical therapist is certainly trained to observe muscle spasms.

Appellants also argue that Appellee's post-injury MRI results were identical to a pre-injury MRI and, thus, Appellee did not present objective findings establishing that he sustained a compensable injury. This argument need not be addressed in light of our determination that the evidence regarding muscle spasms constitutes objective findings in support of a determination that Appellee suffered a compensable injury. We thus affirm the Commission's decision.