James EDENS *v.* SUPERIOR MARBLE & GLASS

01–290                                    58 S.W.3d 369

Supreme Court of Arkansas
Opinion delivered November 8, 2001

*Lane, Muse, Arman & Pullen,* by: *Shannon Muse Carroll,* for appellant.

*Bridges, Young, Matthews & Drake PLC,* by: *R. Scott Morgan,* for appellees.

ANNABELLE CLINTON IMBER, Justice. [1] Appellant, James Edens, appeals an adverse decision of the Arkansas Workers' Compensation Commission. This case is before us on petition for review from the Arkansas Court of Appeals; therefore, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(e). When we grant review following a decision by the court of appeals, we review the case as though it had been originally filed with this court. *Freeman v. Con-Agra Frozen Foods,* 344 Ark. 296, 40 S.W.3d 760 (2001); *Tucker v. Roberts-McNutt, Inc.,* 342 Ark. 511, 29 S.W.3d 706 (2000).

Mr. Edens filed a claim with the Commission alleging that he sustained a compensable injury to his back on January 19 or 20, 1999, while he was in the employ of Superior Marble & Glass. Specifically, he alleged that he was entitled to temporary total disability benefits for the period beginning January 20, 1999, and ending July 12, 1999. Superior contested Mr. Edens's claim in its

entirety, arguing that he did not sustain an injury in the course and scope of his employment on January 19 or January 20, 1999, and, furthermore, that Mr. Edens could not establish by a preponderance of the evidence that he sustained a compensable injury on January 19 or January 20, 1999.

A hearing took place on November 5, 1999, before an administrative law judge. In an opinion filed on December 8, 1999, the law judge denied Mr. Edens's workers' compensation claim based upon the following findings:

> 1. The claimant does not meet his burden of proving by a preponderance of the credible evidence of record that he sustained an injury arising out of and during the course and scope of his employment on January 17, 18, 19, or 20, 1999.
>
> 2. The Claimant is not specific about which dates he may have injured himself, nor are there any objective findings in the medical evidence presented as required by Ark. Code Ann. § 11-9-102(16).

Mr. Edens appealed the law judge's decision to the full Commission. In an opinion filed on April 20, 2000, the Commission affirmed and adopted the law judge's decision. Mr. Edens then appealed the Commission's decision to the Arkansas Court of Appeals. In an unpublished opinion, the court of appeals reversed and remanded the Commission's denial of the claim "insofar as it was based on Edens's failure to provide an exact date of injury," and directed the Commission "to make specific findings regarding the compensability of Edens's claim consistent with our interpretation of section 11-9-102(5)(A)(i)."[1] *Edens v. Superior Marble & Glass*, CA00-689, slip op. (Ark. App. Feb. 2001). The court of appeals also concluded that the Commission arbitrarily disregarded a physical therapist's notation regarding muscle spasms in its finding that there are no objective findings in the medical evidence, as required by Ark. Code Ann. § 11-9-102(5)(D) and (16) (Supp. 1997), now codified at Ark. Code Ann. § 11-9-102(4)(D) and (16) (Supp. 2001). *Id.*

Superior petitioned this court to review the decision of the court of appeals. In its petition, Superior argues that the court of appeals did not strictly construe the statutory requirement for a

---

[1] Ark. Code Ann. § 11-9-102(5)(A)(i) (Supp. 1997) is now codified at Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2001).

compensable specific-injury incident as defined in Ark. Code Ann. § 11-9-102(4)(A)(i). We conclude that the Commission expressly relied on an erroneous statutory interpretation and an erroneous factual finding in reaching its decision. Accordingly, we must reverse the Commission's decision and remand for findings consistent with our interpretation of sections 11-9-102(4)(A)(i) and 4(D).

The evidence presented to the law judge consisted of the testimony of Mr. Edens, his wife, and the secretary and owner of Superior, Susan Johnson and Joe Hobbs, Mr. Edens's medical records, and the deposition testimony of orthopaedist, Dr. Michael Young. The parties stipulated that an employee/employer relationship existed and that, if the injury was deemed compensable, Mr. Edens would be entitled to a compensation rate of $271 per week.

On direct examination, Mr. Edens testified that he had been working for Superior for eleven years, with eight years as shop foreman. Mr. Edens stated that on January 19, 1999, he injured his back when he and his wife, also a Superior employee, lifted a mixing pot. The pot filled with marble resin used to make marble vanity tops and showers weighed about 125 pounds. Initially, Mr. Edens testified that he first sought medical care for the injury on January 20 or 21, 1999. When his attorney pointed out that his medical records reflected a visit to Dr. Kyle Roper on the 19th, Mr. Edens suggested January 18th as a possible date of injury. Mr. Edens explained that Dr. Roper prescribed physical therapy and referred him to an orthopaedist, Dr. Michael Young, as well as the Hot Springs Mercy Pain Clinic.

On cross-examination, Mr. Edens said he did not know the specific date of his injury, but that it occurred on January 18, 19, or 20, 1999. On redirect, he testified that during his eleven years of "slinging marble," he had experienced pulled muscles but this pain was different because it hurt more and was still hurting. He also stated that his injury could have occurred on January 17, 1999.

Mr. Edens's wife, testified she remembered that somewhere around January 17, 18, or 19, her husband told her he hurt his back lifting the pot of marble resin. Susan Johnson, the secretary for Superior, explained that the claim report filed by Mr. Edens on February 22, 1999, indicated the accident occurred on January 20, 1999. Ms. Johnson also testified that she had never known Mr. Edens to be dishonest with her, and she had no reason to believe he would falsify a workers' compensation claim. Joe Hobbs, the owner of Superior, said that he had been told about Mr. Edens's back

injury, but did not recall being told that Mr. Edens sustained the injury while lifting marble. Mr. Hobbs also testified that over the years Mr. Edens has mentioned a sore back or pulled muscles, but there was no reason to believe that Mr. Edens would falsify his workers' compensation claim.

Also introduced into evidence were the following medical records: notes of Dr. Kyle Roper, an MRI report, the deposition and office notes of orthopaedist Dr. Michael Young, physical therapy records, including a report by physical therapist Martin Milner, and notes from the Hot Springs Mercy Pain Clinic.

## I. Statutory Interpretation

The first issue in this appeal is whether Mr. Edens was required to identify the exact date of the occurrence of the injury. The requirements for a compensable injury are defined in Ark. Code Ann. § 11-9-102(4)(A)(i) as follows:

(4)(A) "Compensable injury" means:

(i) An accidental injury causing internal or external physical harm to the body or accidental injury to prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is *identifiable* by time and place of occurrence. . . .

Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2001). (Emphasis added.) The Commission argues that a strict construction of this statute requires Mr. Edens to identify a specific date the injury occurred. Mr. Edens responds that by requiring a claimant to pinpoint a specific date, the Commission replaces the word "identifiable" with the word "identified" in the statute.

[2-4] We construe this statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Lawhon Farm Servs. v. Brown*, 335 Ark. 272, 984 S.W.2d 1 (1998); *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 969 S.W.2d 190 (1998). The doctrine of strict construction directs us to use the plain meaning of the language used. *Lawhon Farm Servs. v. Brown, supra.* The interpretation of section 11-9-102(4)(A)(i), as it applies in the instant case, turns on the ordinary and usually accepted

meaning of the word "identifiable." Webster's Dictionary defines the word "identifiable" as "subject to identification: capable of being identified." *Webster's Third New International Dictionary* 1123 (1993). A strict construction of the statute does not require, as a prerequisite to compensability, that the claimant identify the precise time and numerical date upon which an accidental injury occurred. Instead, the statute only requires that the claimant prove that the occurrence of the injury is capable of being identified.[2] The inability of the claimant to specify the date might be considered by the Commission in weighing the credibility the evidence, but the statute does not require that the exact date be identified. Therefore, we reverse the Commission's decision to the extent that it was based on Mr. Edens's inability to provide an exact date of the injury, and remand for the Commission to consider the compensability of Mr. Edens's claim in a manner consistent with our interpretation of section 11-9-102(4)(A)(i).

## II. Objective Findings

Section 11-9-102(4)(D) requires that "[a] compensable injury must be established by medical evidence supported by 'objective findings' as defined in subdivision (16) of this section." Section 11-9-102(16) defines objective findings as "those findings which cannot come under the voluntary control of the patient."

In one of its findings, the Commission states: "[N]or are there any objective findings in the medical evidence presented as required by Ark. Code Ann. § 11-9-102(16)." (Emphasis added.) This finding by the Commission ignores the April 5, 1999 notation in the medical record by physical therapist Milner that Mr. Edens exhibited "tight musculature and spasm activity in the lower back." We have held that muscle spasms reported by a physician or physical therapist constitute objective findings under section 11-9-102(16). *Continental Express, Inc. v. Freeman*, 339 Ark. 142, 4 S.W.3d 124 (1999). The Commission may not arbitrarily disregard the testimony of any witness nor may the Commission arbitrarily disregard

---

[2] Other jurisdictions have also noted the difference between "identifiable" and "identified." For example, the Superior Court of New Jersey, Appellate Division, faced this issue in relation to disability benefits under the Public Employees' Retirement System and concluded that "identifiable" does not mean "identified." The requirement that "a traumatic event in order to qualify must be 'identifiable as to the time and place in which it occurred' . . . is meant only to distinguish a single, discrete event from an ongoing process. . . ." *Ambrusio v. Board of Trustees*, 489 A.2d 1223, 1224 (N.J. Super. 1985).

other evidence submitted in support of a claim. *Freeman v. Con-Agra Frozen Foods, supra.* Because the Commission has arbitrarily disregarded the physical therapist's notation referencing muscle spasms, we must reverse on this point as well.

The dissent incorrectly states that the Commission found that Mr. Edens failed to bear his burden of proof in establishing that he suffered "a compensable injury at any time in January, 1999." The Commission actually adopted the administrative law judge's finding that Mr. Edens did not prove that "he sustained an injury . . . on January 17, 18, 19, or 20, 1999." This finding could be interpreted to mean that Mr. Edens failed to prove that his injury occurred on a specific date in January, or it could be interpreted to mean, as the dissent concludes, that Mr. Edens did not sustain a compensable injury at all. Considering the fact that the dissent agrees that the Commission relied upon an erroneous statutory interpretation and an erroneous factual finding in reaching its decision, the ambiguity in the Commission's finding is best resolved by the Commission itself upon remand, not by this court on appeal.

The dissent's conclusion that there is a substantial basis for the Commission's denial of relief is speculation. While the Commission is free to accept or reject medical evidence and assign weight to evidence as it deems appropriate, it is not free to arbitrarily ignore objective medical findings nor is it free to reach a conclusion based on an erroneous statutory interpretation. The fact that the dissent has reached a conclusion that may be similar to the one originally reached by the Commission does not necessarily mean that the Commission would have issued the same findings had it applied a correct interpretation of the statute and had it considered all of the objective medical findings. Because we refuse to speculate on how the Commission would have ruled under a correct statutory interpretation and considering all objective findings, the only appropriate remedy is to remand.

We reverse and remand for findings consistent with our interpretation of sections 11-9-102(4)(A)(i) and 4(D).

CORBIN, J., concurring in part; dissenting in part.

DONALD L. CORBIN, Justice, concurring in part; dissenting in part. I agree with the majority that the Commission erred in its interpretation of Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2001). I also agree that the Commission erred in concluding that there were no objective findings in the medical evidence

because, as we have clearly held, muscle spasms constitute objective findings. *See Continental Express, Inc. v. Freeman*, 339 Ark. 142, 4 S.W.3d 124 (1999). I disagree, however, with this court's ultimate decision to reverse and remand this matter, because the Commission was correct in finding that Appellant failed to bear his burden of proof in establishing that he suffered a compensable injury at any time in January 1999. Specifically, Appellant failed to produce medical evidence establishing that he suffered a compensable injury; therefore, it is irrelevant that the Commission failed to credit the physical therapist's finding of muscle spasms. Simply stated, objective findings alone are of no value to a claimant where the medical evidence fails to establish an injury.

In finding that Appellant failed to sustain his burden of proof, the Commission relied on the deposition testimony of Dr. Michael Young, Appellant's orthopaedic doctor. In its opinion, the Commission set forth the following testimony:

> Dr. Young characterized the lumbar MRI, which had been taken prior to his seeing the claimant, as unremarkable. The MRI had been performed on January 18, 1999. Dr. Young stated that the MRI showed that the claimant had multiple Schmorl's nodes and had some minimal bulging at the L3-4 disc. Dr. Young diagnosed the claimant's condition as lumbar sprain/strain. Dr. Young stated in his deposition that there was nothing from the claimant's MRI that would indicate an acute injury to the claimant. Dr. Young further stated, in response to a question by claimant's attorney as to whether a bulging disc could be caused by trauma:

>> A. I think that's pretty controversial. I think, with a reading as a bulge, that most people you would talk to — be it radiologists, orthopedists, neurosurgeons — I think most people would tell you that that does not necessarily indicate an injury or trauma.

> Dr. Young was also asked on follow-up if he qualified his answer as "does not necessarily," could it be an indication of trauma, and he replied, "I'd be hard pressed. I think I would lean more the other way and say that, in a man his age, that is a pretty normal finding."

> On cross-examination, Dr. Young said, "He does not have a ruptured disc; he does not have any type of compression fracture. There's not anything structurally that would indicate an acute injury to me."

If the Appellant's own doctor opined that the medical evidence did not reveal the existence of any type of acute injury, then what impact does a finding of muscle spasms have on the outcome of this case? The answer is nothing. Objective findings are simply "those findings which cannot come under the voluntary control of the patient." *See* Ark. Code Ann. § 11-9-102(16)(A)(i) (Supp. 2001). Objective findings are not synonymous with medical evidence.

The court of appeals has addressed this issue in *Ford v. Chemipulp Process, Inc.*, 63 Ark. App. 260, 977 S.W.2d 5 (1998). There, the claimant alleged that he suffered a compensable injury after he bumped his head and immediately felt a popping in his neck. The claimant did not immediately report the incident, and he did not seek medical treatment for approximately two months. A subsequent x-ray of his neck was normal, but his doctor did detect muscle spasms. The claimant was examined by a neurosurgeon who later opined that there was no indication of an acute injury. The Commission denied his claim for benefits on the basis that there was no medical evidence supported by objective findings to support his contention that he suffered an accidental injury. In affirming the Commission, the court of appeals noted that while muscle spasms were accepted as objective findings, there was no evidence that connected the muscle spasms to the head-bumping incident.

Likewise, there is no evidence here linking the muscle spasms detected by the physical therapist to a work-related incident. This fact is particularly obvious in light of Appellant's own admission that he has suffered previous back injuries, as well as entries in the medical records that indicate Appellant has a history of muscle spasms dating back to 1989. In fact, six months prior to the January 1999, incident, Dr. Kyle Roper detected muscle spasms in Appellant when examining him for complaints of shoulder and low back pain. This court has stated that where the Commission denied benefits because the claimant failed to meet his burden of proof, we will affirm if the Commission's decision presents a substantial basis for the denial of relief. *Crudup v. Regal Ware, Inc.*, 341 Ark. 804, 20 S.W.3d 900 (2000). Charged with this standard of review, it is clear that the Commission's order should be affirmed, as there is a substantial basis for the denial of relief. For this reason, I respectfully dissent.

Concurring in part; dissenting in part.