Sherry PARKER and Sherry Crow *v.*
Raymond JOHNSON and Loree Johnson

06-606                                                    244 S.W.3d 1

Supreme Court of Arkansas
Opinion delivered November 30, 2006

[Rehearing denied January 11, 2007.*]

---

*Streetman, Meeks & McMillan*, by: *Denise D. McMillan*, for appellants.

*Vickery & Carroll, P.A.*, by: *Ian W. Vickery*, for appellees.

BETTY C. DICKEY, Justice. Appellants Sherry Parker and Sherry Crow appeal the order of the Union County Circuit Court finding that their judgment liens did not attach to the homestead of Robert and Tiffany Johnson, due to Robert Johnson's assertion of his homestead exemption over that property. We conclude that Robert Johnson abandoned his homestead right to the property, and we therefore reverse and remand to the trial court.

The Appellants in this case obtained separate judgments against Tiffany Johnson in July 2002. Subsequently, Tiffany Johnson was divorced from her husband, Robert Johnson, for the second time. After their first divorce, Robert Johnson had repurchased the home in which the couple had resided. Robert immediately left their home upon Tiffany's filing for the second divorce in early July 2002, while Tiffany Johnson remained in the home for a period of weeks, through July 2002. The Johnsons entered into a property settlement agreement with each other, whereby their home was to be sold and the proceeds from the sale used to satisfy their mortgage debt on the home. This agreement was incorporated into their divorce decree, which was entered on July 30, 2002. After Tiffany vacated the premises, Robert retained the only key to the home, and maintained the premises prior to its sale. On November 8, 2002, the home was sold at a public sale to Robert Johnson's family corporation, and the corporation then sold the property to third persons in May 2003. The proceeds from the first sale were insufficient to satisfy the mortgage debt on the

property, but the family corporation voluntarily retired that debt. Robert Johnson never resided in the home after his initial vacation.

Appellees Raymond and Loree Johnson, Robert's parents, brought the present declaratory action in Union County Circuit Court against the judgment creditors of Tiffany Johnson on September 23, 2003, seeking to clear title to the home. Both parties filed motions for summary judgment, and a hearing on the motions was held on January 14, 2004, at which the Johnsons argued that the home was exempt from the judgment liens because of Robert Johnson's homestead rights in the property. In a judgment dated February 27, 2004, the trial court declined to rule on the homestead issue, and found that the judgment liens attached to the property but were subsequently extinguished when the Johnson family corporation paid the outstanding mortgage debt on the property. The judgment creditors then filed an appeal with the Arkansas Court of Appeals. The court of appeals reversed and remanded, finding that the judgment liens attached, but that the voluntary payment of the mortgages did not extinguish the liens. *Parker v. Johnson*, 90 Ark. App. 161, 204 S.W.3d 586 (2005). A trial was held on July 22, 2005, at which the Appellants argued that the homestead issue was barred by res judicata. On September 6, 2005, the trial judge entered an order finding that Robert Johnson's homestead exemption prevented the attachment of the judgment liens. The judgment creditors again filed an appeal, and the Arkansas Court of Appeals affirmed the trial court, ruling that the homestead issue was not barred by res judicata, and that the trial court did not clearly err in finding that the liens were excluded by Robert Johnson's homestead rights. *Parker v. Johnson*, 95 Ark. App 213, 236 S.W.3d 1 (2006). The Appellants then filed a petition for review, which we granted pursuant to Ark. Sup. Ct. R. 2-4 (2006).

The Appellants' first point on appeal is: *The court erred in holding that res judicata did not apply in this case to bar an issue that had been argued and submitted to the circuit court previously.* The Appellants' second point on appeal is: *The court erred when it addressed the attachment of the judgment liens in the second trial after previously finding that the liens attached with the same facts before the court.*

The Appellants argue that the doctrine of res judicata bars the trial court's conclusion that the homestead exemption asserted by Robert Johnson prevented the attachment of the Appellants' liens, because the trial court decided in the initial trial that the

homestead exemption was not applicable and that the liens attached to the property. The Appellees retort that the trial court came to no decision as to the applicability of the homestead exemption in the initial trial, and that therefore res judicata is inapplicable here.

This case is before us upon petition for review from the Arkansas Court of Appeals; therefore, we have jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(e). When we grant review following a decision by the court of appeals, we review the case as though it was originally filed with this court. *Edens v. Superior Marble & Glass*, 346 Ark. 487, 58 S.W.3d 369 (2001).

The doctrine of collateral estoppel, or issue preclusion, bars the relitigation of issues of law or fact actually litigated by the parties in the first suit, provided that the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question and that issue was essential to the judgment. *Zinger v. Terrell*, 336 Ark. 423, 985 S.W.2d 737 (1999). Arkansas law provides that the following elements must be present in order to establish collateral estoppel: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final and valid judgment; and (4) the issue must have been essential to the judgment. *See Looney v. Looney*, 336 Ark. 542, 986 S.W.2d 858 (1999); *Fisher v. Jones*, 311 Ark. 450, 844 S.W.2d 954 (1993).

The Appellees point to the following language in the trial court's initial judgment on the motions for summary judgment as evidence that there was no final and valid judgment on the homestead exemption in that case: "[T]he argument of counsel centered on the homestead exclusion. The existence of a homestead involves the intentions of the claimants of a homestead which is a fact issue ill suited for summary judgment motions."

The trial court's initial judgment also stated, "[t]he satisfaction of that priority claim or equity eliminated all interest of Tiffany Johnson in the property, which in turn caused the liens attached to that interest to terminate also." And, in the course of reversing that judgment and concluding that the judgment liens were not extinguished by the elimination of the prior mortgages, the court of appeals stated in *Parker v. Johnson I*, "[h]ere, the judgment liens attached before the land was ordered to be sold," and, "[a]ppellees purchased the land with the knowledge that it

was subject to appellants' judgment liens." Thus, both the trial court in its initial judgment, and the court of appeals in its consideration of that judgment, decided that the judgment liens attached to the property. Despite these conclusions, upon remand the trial judge concluded that Robert Johnson's assertion of the homestead exemption prevented the attachment of the liens.

The homestead exemption operates as a bulwark which insulates the property to which it applies from the claims of creditors. Accordingly, when the homestead exemption is successfully asserted in relation to a piece of property, creditors' liens do not attach to that property. Therefore, a finding that judgment liens attached to a particular property is inconsistent with a finding that the homestead exemption was operative as to that property, because the two things are mutually exclusive, i.e., if the homestead exemption is in effect, then creditors' liens cannot attach to the property.

It is apparent that the trial judge did not consider, or base his decision in the initial order, upon the applicability of the homestead exemption. However, it is also apparent that his conclusion upon remand, that the homestead exemption shielded the property from the Appellants' liens, is inconsistent with his initial finding that the liens attached to the property. Because we conclude that this case should be reversed and remanded for the reasons discussed below, we need not decide whether that inconsistency is sufficient to bar the instant homestead issue under the doctrine of collateral estoppel.

■ The Appellants also argue that the appellate court's conclusion that the liens attached to the property was binding upon the trial court as the law of the case. However, law of the case, like res judicata, is an affirmative defense to be raised at the trial court level, and cannot be raised for the first time on appeal. *State v. Bell*, 329 Ark. 422, 948 S.W.2d 557 (1997). Here, the Appellants did not raise the law of the case argument upon remand, and thus we are precluded from hearing it upon appeal.

The Appellants' third point on appeal is: *The Court erred in finding that the homestead exemption applied and in setting aside the judgment liens, when the parties voluntarily agreed to sell the property and moved from the property in anticipation of that sale.*

The Appellants argue that this case is controlled by *Obenshain v. Obenshain*, 252 Ark. 701, 480 S.W.2d 567 (1972), a case in which this court held that the proceeds from a voluntary sale of a

homestead were not protected by the homestead exemption. The Appellants' statement of the law is correct, and in the present case the husband and wife entered into a voluntary agreement, which was later incorporated into the divorce decree, to sell the homestead property. However, the price fetched by the sale was less than the amount owed on the two prior mortgages, which had priority over the liens at issue here. Therefore, there were no proceeds of the sale to which the liens here could attach, and thus *Obenshain* is inapplicable to the present situation.

Upon their divorce, the operation of law made Tiffany and Robert Johnson tenants in common in the property. *See* Ark. Code Ann. § 9-12-317 (Repl. 2002). Thus, a threshold issue exists as to whether Robert Johnson could assert his homestead exemption right over Tiffany Johnson's undivided and solely owned one-half interest in the property.

In *Arkansas Savings & Loan Association v. Hayes*, 276 Ark. 582, 637 S.W.2d 592 (1982), we did allow a wife to exert a homestead exemption over the husband's one-half interest in the marital home. In that case, after a divorce, the husband vacated the home and the wife remained in the residence with the couple's two children. A judgment was subsequently obtained against the husband. The husband and wife then conveyed the property, and the wife released her homestead rights in the deed of conveyance. The purchasers of the home later conveyed the property again, and the subsequent purchasers mortgaged the home. The husband's judgment creditor then attempted to foreclose her judgment lien against the property. The husband never claimed his homestead exemption as to the property. There, we held that the wife's assertion of her homestead right operated to shield the property from the judgment liens. Relying on our precedent in *Hayes, supra*, we hold that in this particular case Robert Johnson was not barred from asserting the homestead exemption over Tiffany's undivided one-half-interest in the property.

Homestead laws are remedial and should be liberally construed to effectuate the beneficent purposes for which they were intended. *City Nat'l Bank v. Johnson*, 192 Ark. 945, 96 S.W.2d 482 (1936). "[I]ntention to abandon [a homestead] is an issue of fact, and in such a situation, evidence is rarely clear. However, the legal presumption is that the homestead right continues until it is clearly shown that it has been abandoned." *Vesper v. Woolsey*, 231 Ark. at 785-86, 332 S.W.2d at 604-05 (1960). The burden is upon

one claiming that a homestead has been abandoned to establish that fact. *Melton v. Melton*, 126 Ark. 541, 191 S.W. 20 (1917).

The question of homestead and residence, being a question of intention, must be determined by the facts in each case, and the trial court's finding of fact will not be disturbed unless it appears to be against the preponderance of the evidence. *City Nat'l Bank, supra*. An abandonment of a homestead is almost, if not entirely, a question of intent, which must be determined from the facts and circumstances attending each case. *Caldcleugh v. Caldcleugh*, 158 Ark. 224, 250 S.W. 324 (1923). A removal from the homestead may be caused by necessity or for business purposes, and if the owner has an unqualified intention to preserve it as a homestead and return to it, his removal will not result in an abandonment of the land as a homestead. *Monroe v. Monroe*, 250 Ark. 434, 465 S.W.2d 347 (1971).

■ Thus, the decisive question on the merits here is whether Robert Johnson intended to abandon his homestead rights in the property. As evidence that he did not, the trial court found it significant that he had repurchased the home after his first divorce from Tiffany, that he kept the only key to the home and maintained the premises before its sale, and that he signed an apartment lease for the shortest term available. The Appellants contend that Johnson's immediate departure from the home upon divorce, his voluntary agreement with his wife to sell the home, and the fact that the home was conveyed twice to third parties after the divorce, (with Robert Johnson being unable to repurchase the home due to financial difficulties) are sufficient facts to constitute abandonment.

The trial court's finding that Johnson did not intend to abandon the homestead is to be affirmed unless it is against the preponderance of the evidence. However, Johnson never resided in the home after his wife filed for divorce. Johnson entered into a voluntary agreement, without reservation, to sell the homestead property to a third party. The property was subsequently sold twice on the open market, and Johnson failed to repurchase it. We hold that these circumstances constitute, by a preponderance of the evidence, an intention on the part of Robert Johnson to abandon his homestead rights in the property. Accordingly, we reverse the trial court's ruling that Robert Johnson's homestead

exemption shielded the property from the Appellants' judgement liens, and we remand this case to the trial court for rulings consistent with this opinion.

Reversed and remanded.

IMBER, J., concurs.

HANNAH, C.J., CORBIN and GUNTER, JJ., dissent.

ANNABELLE CLINTON IMBER, Justice, concurring. As the majority correctly states, in order for the doctrine of collateral estoppel, or the issue-preclusion aspect of res judicata, to bar the relitigation of issues actually litigated by the parties in the first suit, the party against whom the earlier decision is asserted must have had a *full and fair opportunity to litigate* the issue in question and that issue must have been *essential to the judgment. Zinger v. Terrell*, 336 Ark. 423, 985 S.W.2d 737 (1999) (emphasis added). Under the Arkansas Constitution, deciding whether homestead exists is essential to determining whether a creditor's lien has attached to the property: "The homestead of any resident of this state . . . shall not be subject to the lien of any judgment or decree of any court . . . ." Ark. Const. art. 9, § 3. Here, the circuit court initially avoided making an affirmative ruling on the homestead issue before proceeding to decide the issue of attachment. Because the issues of attachment and homestead were one and the same, the circuit court was barred from revisiting the homestead issue upon remand from the Arkansas Court of Appeals. Therefore, I would reverse and remand on the appellants' first point on appeal, which point the majority declines to decide.

Over one hundred years ago, in *Gray v. Patterson*, 65 Ark. 373, 46 S.W. 730 (1898), our court addressed the issue of whether a homestead is exempt from the attachment of creditor's liens. *Id.* In doing so, this court held that while the existence of the homestead exemption under the 1868 Constitution merely delayed a creditor's ability to execute its lien until after the homestead was abandoned, under our current constitution "no judgment is a lien upon the homestead" — that is, a judgment never attaches to a homestead. *Id.* at 377–78, 46 S.W. 730, 731; *see also* 3 *Thompson on Real Property*, § 21.4(n), at 222–24 (2d ed. 1994). Thus, a determination of whether homestead exists is an "essential" determination, for purposes of collateral estoppel, that must be made before a court can reach a judgment concerning the attachment of the creditor's liens.

Here, in its first order, the circuit court refused to make a specific ruling on the homestead issue. However, at the same time, the court effectively ruled on the homestead issue when it went on to determine the issue of whether the appellants' liens attached to the appellees' property interest. In reaching its conclusion, the circuit court stated that the determinative issue on summary judgment was whether "the liens of the judgment creditors attached to the real property" and concluded that all "relevant facts bearing on [the] issue are undisputed." The circuit court further reasoned that

> "[f]rom the pleadings and their exhibits, this controversy is resolved by an examination of the mortgage indebtedness of Robert and Tiffany Johnson . . . . The marital property was sold to the family corporation at public sale for $96,000 . . . . After payment of the costs of sale, the remaining proceeds were insufficient to satisfy in full the mortgage indebtedness. The family corporation made a second payment voluntarily to retire all debt to the bank . . . . It is at this point in time that the interest of Tiffany Johnson in the marital property ceased to exist. Upon that termination, the judgment liens of Sherry Crow and Sherry Parker on the interest of Tiffany Johnson also ceased to exist . . . . The satisfaction of [the third party bank's] priority claim eliminated all interest of Tiffany Johnson in the property which in turn caused the liens attached to that interest to terminate, also.

While it is true that the circuit court did not make an affirmative ruling on the homestead issue, erroneously glossing over that essential issue, the court effectively ruled on homestead by assuming that the appellants' judgments had attached to Tiffany Johnson's property interest. The homestead issue was therefore actually litigated. Furthermore, the parties had a "full and fair opportunity" to litigate the issue as shown by extensive arguments on homestead evidenced in the briefs and hearing transcripts below. Thus, collateral estoppel, or the issue-preclusion aspect of res judicata, does apply to the homestead issue.

The appellees could have avoided collateral estoppel in the second appeal if they had simply filed a cross-appeal in the first appeal, asserting that the circuit court erred by making a finding on attachment without first making a specific finding on the homestead issue. If the appellees had raised the issue of the circuit court's erroneous finding on attachment, they would have enabled the appellate court to address that issue on the merits and provide

instructions as to the proper procedure for the circuit court to follow on remand. *See Alexander v. Chapman*, 299 Ark. 126, 771 S.W.2d 744 (1989). However, the appellees did not do so, and the circuit court therefore remained bound to its initial order and barred from revisiting the homestead issue.

For the above stated reasons, I would hold that the circuit court's ruling on homestead was barred by the doctrine of collateral estoppel and would reverse and remand on that point.

JIM HANNAH, Chief Justice, dissenting. I agree with the majority's statement that the decisive question in this case is whether Robert intended to abandon his homestead rights in the property. However, because I believe the majority errs in its conclusion regarding Robert's intent, I must respectfully dissent.

In this case, the trial court made the following findings:

> The issue is whether Robert Johnson had a homestead interest in the property.... Robert Johnson had long possessed the property as a homestead. He was forced to move out by the dynamics of the divorce but considered the move temporary in nature. He signed an apartment lease for one year — the shortest term available. However, he repaired and maintained the property which was difficult to show for private sale. Further, Robert and Tiffany were forced to sell the property as a result of the financial difficulties of their marriage and Tiffany's business. They may have agreed on the sale between themselves, but they were clearly forced to sell by their financial circumstances. The word "forced" is used in a broad sense. The Johnsons were not required to experience a more drastic method of sale or pressure to sell before the word became applicable. The evidence was insufficient to show an abandonment or waiver of the homestead until its actual sale.

Although this court has not previously addressed the issue of whether a court-ordered partition resulting from a property settlement agreement in a divorce is a forced sale or a voluntary sale, in *Obenshain v. Obenshain*, 252 Ark. 701, 702-03, 480 S.W.2d 567, 568 (1972), we stated:

> When the owner of a homestead voluntarily sells the property, the proceeds of sale are not exempt. *Drennen v. Wheatley*, 210 Ark. 222, 195 S.W.2d 40 (1946). On the other hand, when the property is subjected to a forced sale, the debtor's share of the proceeds is exempt if he intends to use the money to acquire another home-

stead. *Sims v. McFadden*, 217 Ark. 810, 233 S.W.2d 375 (1950). Here the former rule applies, for the parties voluntarily agreed to list the property with a broker for sale at a reasonable price. *We are not called upon to decide whether a sale ordered by the chancellor under Act 340 of 1947,[1] Ark. Stat. Ann. 34-1215 (Repl. 1962), might in some situations be considered to be a forced sale.*

(Emphasis added.)

In this case, the majority concludes, for the first time, that a court-ordered partition resulting from a property settlement agreement is a voluntary sale, rather than a forced sale. I disagree. A forced sale is "[a] hurried sale by a debtor because of financial hardship." *Black's Law Dictionary* 1365 (8th ed. 2004). Here, as the trial court recognized, due to financial hardship, the Johnsons were forced to sell their home as part of a court-ordered partition of their property. The trial court's finding that Robert did not intend to abandon his homestead is not against the preponderance of the evidence. As such, the trial court should be affirmed.

CORBIN and GUNTER, JJ., join.

---

[1] Act 340 of 1947 provides in relevant part:

Courts of Equity, designated Chancery Courts within the State of Arkansas, shall have the power to dissolve estates by the entirety or survivorship, in real or personal property, upon the rendition of a final decree of divorcement, and in the division and partition of said property, so held by said parties, shall treat the parties as tenants in common.